UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-61244-CIV-COHN/SNOW

FRANK R. ZOKAITES,

    Plaintiff,

v.

BALISTRERI REALTY, INC.,
and LUC GAUTHIER,

    Defendants.
_____/

### ORDER GRANTING DEFENDANTS' MOTION TO BIFURCATE

**THIS CAUSE** is before the Court upon a Motion to Bifurcate, filed by Defendants Balistreri Realty, Inc. and Luc Gauthier [DE 41]. The Court has considered the Motion, Plaintiff's Memorandum of Law in Opposition [DE 46], and Defendants' Reply [DE 53], and is otherwise duly advised in the premises.

Defendants Balistreri Realty, Inc. and Luc Gauthier request that the determination of punitive damages be bifurcated from the liability and compensatory damages portion of the trial. The Court may order a separate trial of any issue or claim, pursuant to Fed. R. Civ. P. 42(b), "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Defendants argue that the introduction of evidence regarding their financial worth during the liability portion of the trial would be irrelevant to the question of liability and create undue prejudice. Plaintiff objects, arguing that the issues relating to whether Defendants committed fraud and entitlement to punitive damages are interrelated, so bifurcation of the proceedings will create inefficiency and unnecessarily prolong the proceedings.

As Plaintiff points out, the determination of whether Plaintiff is entitled to punitive damages is intertwined with the question of liability, and bifurcation of that issue would not improve the efficiency, nor would the evidence relevant to Plaintiff's entitlement to punitive damages be unfairly prejudicial to Defendants.  However, because evidence regarding the financial worth of Defendants is only relevant to the determination of the amount of punitive damages, bifurcating this issue would eliminate the need for presentation of this evidence unless there is first a finding of liability and entitlement to punitive damages.  This bifurcation would also reduce the danger of unfair prejudice to the Defendants in allowing evidence regarding their financial worth during the liability and compensatory damages stage.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Bifurcate [DE 41] is **GRANTED**.  Although the question of entitlement to punitive damages will be determined along with liability and compensatory damages at trial, the issue of the amount of punitive damages, if any, will be determined subsequently by the same jury, should they first find entitlement.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 11th day of April, 2007.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

2