UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-61244-CIV-COHN/SNOW

FRANK R. ZOKAITES,

    Plaintiff,

v.

BALISTRERI REALTY, Inc.
and LUC GAUTHIER,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, GRANTING PLAINTIFF LEAVE TO AMEND, AND CONTINUING CASE

**THIS CAUSE** is before the Court upon a Motion for Clarification and/or Leave to Amend [DE 58] and a Motion for Partial Summary Judgment [DE 39], filed by Plaintiff Frank Zokaites. The Court has reviewed Plaintiff's Motion for Clarification, Defendants' Response [DE 61], and Plaintiff's Reply [DE 67]. The Court has also reviewed Plaintiff's Motion for Partial Summary Judgment, Defendant's Response [DE 48], and Plaintiff's Reply [DE 62]. Finally, the Court has considered the complete record in the case, as well as the parties' oral arguments presented at a hearing on April 19, 2007, and is otherwise fully advised in the premises.

**I.**    **Plaintiff's Motion for Partial Summary Judgment**

In the instant Motion, Plaintiff seeks partial summary judgment as to the issues of liability. The basis of his Motion is that Defendant Gauthier has admitted 1) that the statements were made, 2) that they were made without conducting inquiry into their truth or falsity, 3) that they were made based on Zokaites' inquiries, 4) that Zokaites

relied on the statements, 5) that the statements were material and important to Zokaites, and 6) that the statements were made to induce Zokaites to purchase the condominium units. Thus, Plaintiff concludes, the issues surrounding liability have been conclusively established, and partial summary judgment as to liability is appropriate.

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party, Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Defendants argue, and the Court agrees, that the disputed issues of material fact in the record preclude summary judgment. Although Defendant Gauthier has certainly admitted that he had the conversation at issue with Mr. Zokaites, the record is disputed as to what, precisely, was said in that conversation. The precise statements made go to the heart of the liability issues in this case, and accordingly, the Court finds that there are disputed issues of material fact and denies Plaintiff's Motion for Partial Summary Judgment.

II.     **Plaintiff's Motion for Clarification and/or Leave to Amend**

This Motion was filed in response to Defendants' assertions in their pending

Motion for Summary Judgment that Plaintiff did not properly plead a claim for negligent misrepresentation. Although Plaintiff believes that this claim was properly plead, he seeks clarification from the Court on this point, or in the alternative, leave to amend his complaint. In response, Defendants argue that Plaintiff failed to plead the key element of negligent misrepresentation: a claim that Defendants should have known the representation was false. Defendants assert that they have been prejudiced in their preparation for trial, believing there to be only a claim for fraudulent misrepresentation at issue.

Pursuant to this Court's ruling in open court, Plaintiff will be permitted to proceed on his claim for negligent misrepresentation. However, for purposes of clarifying the record, and giving Defendants an opportunity to conduct additional needed discovery, the Court will grant Plaintiff leave to amend and continue the case. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Partial Summary Judgment [DE 39] is **DENIED**.
2. Plaintiff's Motion for Clarification and/or Leave to Amend [DE 58] is **GRANTED**.
3. Plaintiff shall file his Amended Complaint on or before **April 26, 2007**.
4. Defendants shall file their Answer to the Amended Complaint within five (5) business days of receiving such Amended Complaint.
5. The trial in the above-referenced action shall be **REMOVED** from the two week trial docket to commence May 7, 2007, and shall be rescheduled on

the two week trial docket to commence June 25, 2007.  **Calendar Call is hereby rescheduled to June 21, 2007 at 1:30 p.m.**

5. The pretrial deadlines are amended as follows:

| | |
|---|---|
| All Discovery Completed | May 21, 2007 |
| Motions to Exclude or Limit Expert Testimony, and Motions in Limine | June 7, 2007 |
| Joint Pretrial Stipulation and Designation of Deposition Excerpts for Trial | June 15, 2007 |
| Submission of Voir Dire Questions and Objections to Deposition Designations | Day of Calendar Call |

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 19th day of April, 2007.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

4