UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-61244-CIV-COHN/SNOW

FRANK R. ZOKAITES,

       Plaintiff,

v.

BALISTRERI REALTY, INC.,
and LUC GAUTHIER,

       Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon a Motion for Summary Judgment filed by Defendants Balistreri Realty, Inc. and Luc Gauthier [DE 83]. The Court has considered the Motion, Plaintiff's Response [DE 85], and Defendants' Reply [DE 92], and is otherwise duly advised in the premises.

**I.    BACKGROUND**

The above-referenced cause of action arose from alleged misrepresentations made by Defendant Luc Gauthier, a licensed real estate agent from Defendant Balistreri Realty, Inc., to Plaintiff Frank Zokaites during Zokaites' search for a condominium to purchase in south Florida. Zokaites has alleged that Gauthier made certain representations to him about the zoning restrictions of a lot adjacent to the condominium building, Ocean Place, and that he relied upon those representations when he decided to enter into Purchase Agreements for two units in the building.

Mr. Zokaites has not yet closed on the condominiums, but remains bound by the two Purchase Agreements obligating him to proceed to closing on the units.

Defendants claim that the developer of Ocean Place, Gregory Korchmar, has offered to refund Plaintiff's deposits plus interest and allow him to rescind the contract, and that the Defendants have offered to pay him $72,766.66 to compensate him for the purchase of the other two original investors' interests in the units.  Plaintiff does not dispute that these offers have been made, but rather contends that they were offers made as part of settlement negotiations, rather than unconditional offers from the developer.

This Court previously denied Plaintiff's Motion for Summary Judgment, finding that disputed issues of material fact remained regarding the actual statements made by Gauthier and the extent to which he knew them to be inaccurate when he made them. Defendants requested an extension of time in which to file dispositive motions in light of this Court's Order allowing Plaintiff to amend his Complaint to explicitly add a claim for negligent misrepresentation, this Court granted the request, and Defendants filed the instant Motion for Summary Judgment.

## II.     SUMMARY JUDGMENT STANDARD

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved

against the moving party, Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

### III. ANALYSIS

Defendants raise three primary arguments on their Motion for Summary Judgment. They first argue that because Zokaites has not yet closed on the condominiums, no reasonable jury could find that he will close on the final purchase of the units in justifiable reliance on Gauthier's representations. Similarly, in their second argument, they contend that because Zokaites is aware of the misrepresentations and has not yet closed on the condominiums, he has waived his claims for fraudulent and negligent misrepresentation. Finally, Defendants argue that Plaintiff has failed to mitigate damages, and as such, should not be permitted to recover for damages that he could reasonably avoid. For the reasons articulated in further detail below, each of these arguments is unavailing, and summary judgment will be denied.

#### A. Reliance

Defendants first argue that because Zokaites has learned of the misrepresentations, but has not yet closed on the condominiums, no reasonable jury could find his reliance on the misrepresentations to be reasonable. In support of this argument, Defendants point to Southern Broadcast Group, LLC v. GEM Broadcasting, Inc., where a Florida district court found that a company could not recover for fraudulent misrepresentation following the purchase of certain assets when the misrepresentations were known to the company prior to the purchase and any reliance on the misrepresentations in light of this knowledge would be unjustified. 145 F. Supp. 2d 1316, 1329 (M.D. Fla. 2001). However, Defendants overlook the significant fact that

Zokaites has not alleged he relied upon the misrepresentations in closing on the condominiums; rather, he has alleged that he relied upon the misrepresentations in entering into the Purchase Agreements, and both parties agree that Zokaites did not know of the misrepresentations prior to signing the Purchase Agreements and acquiring the other investors' interests in the units. In Southern Broadcast Group, the purchaser also learned of the misrepresentations after entering into a purchase agreement but before the closing. Id. at 1319-20. The key difference between that case and the case at bar, however, is that the purchaser in Southern Broadcast Group had no obligation to carry out the purchase agreement it had entered into, and so could only rest its lawsuit on a claim that it had acted in reliance on the misrepresentations when deciding to close on the sale. Once the deficiencies were discovered by the purchaser, the seller agreed to terminate the agreement, refund the entire deposit, and pay an additional sum of $750,000. Id. at 1320.[1] Thus, the only damages that the purchaser could hope to show at trial would be those arising out of the decision to go forward with the closing which, as discussed above, was not reached in justifiable reliance on the misrepresentations because the purchaser knew of the deficiencies before the closing.

In contrast, Zokaites alleges damages arising out of his misinformed decision to enter into the Purchase Agreements for the two units, which he alleges still impose a binding obligation on him to go forward with the sale as negotiated before Zokaites

---

[1] Defendants presumably mean to imply that the instant case is analogous, and that the offer of the developer to allow Zokaites to rescind the Purchase Agreements is akin to the offer by the seller in Southern Broadcast Group to allow the purchaser to terminate the agreement and receive a refund of its deposit. For the reasons articulated in part B below, the Court rejects this comparison.

knew of the misrepresentations. Defendants' assert that "should Zokaites choose to proceed to closing and purchase of the condominium units, he does so with his eyes wide open and completely cognizant of the potential for development on the adjacent property which could partially obstruct his ocean views." (Defendants' Motion for Summary Judgment, p. 11 [DE 83].) However, Mr. Zokaites' argument, in sum, is that he has no choice as to whether to proceed with the closing, and so the damage caused by his reliance on the misrepresentations has already been done. If anything, this dispute as to whether Mr. Zokaites is obligated to proceed to closing and, thus, has sustained damages from entering into the Purchase Agreements, is a disputed issue of material fact that cannot be resolved on a Motion for Summary Judgment. Accordingly, Defendants' argument that no reasonable jury could find that Zokaites justifiably relied on the misrepresentations to his detriment is unpersuasive.

    B.    <u>Waiver</u>

Defendants' next argue that Zokaites has waived any claims for fraudulent or negligent misrepresentation because he is choosing to proceed to closing on the purchase of the units. Defendants argue that the written Purchase Agreements that Zokaites has entered into with the developer remain executory contracts until the closing actually takes place. Defendants point to <u>Mirenda v. Steinhardt</u>, a Florida District Court of Appeals case in which a purchaser was found to have waived his claims for fraudulent misrepresentation and breach of contract. 350 So.2d 499 (Fla. 4th DCA 1977). There, the purchaser entered into a contract to purchase a condominium with a view of the Intracoastal Waterway. <u>Id.</u> at 500. After the purchaser entered into the contract for the purchase of the unit, but before the closing, the developer advised

potential purchasers that their view of the Intracoastal may be blocked by a new building to be constructed to the east, and that they could rescind their contracts and have their deposits refunded. Id. The purchaser chose not to accept this offer, closed on the condominium, and then sued the developer. Id. The court held that because the contract was wholly executory, neither party having performed any part of it, the purchaser could repudiate the contract if he determined that the developer had committed fraud in the procuring or making of the contract, and "in such circumstances the defrauded party may not remain silent as to the fraud and perform the contract and then claim damages for the fraud." Id. at 501.

The appropriate action suggested by the court in Mirenda, however, is not available to the Plaintiff in the instant case because the party that allegedly defrauded him is not the same party with which he entered into the Purchase Agreements, and so Zokaites could not simply repudiate the Purchase Agreements on the basis of the fraud.[2] Defendants allege that the developer has offered to refund all of Zokaites' deposits and allow him to rescind the contract, which they argue makes this case analogous to Mirenda. However, Zokaites responds that these offers were not independent, unconditional offers, as were made by the developer in Mirenda, but rather were offers made as part of a global settlement offer in the instant litigation, which is inadmissible at trial on issues of liability,[3] irrelevant to the question of whether

---

[2] Even Defendants concede that the developer has already taken legal action against Mr. Zokaites for his failure to go forward with the closing on the units.

[3] Pursuant to Federal Rule of Evidence 408, evidence of offers, conduct, or statements made in compromise negotiations is not admissible on behalf of any party when offered to prove liability for, invalidity of, or amount of a claim that was disputed

Zokaites has waived his claims against Balistreri Realty and Gauthier, and entirely distinguishable from the situation in Mirenda. Defendants emphasize that Zokaites continues to refuse this "generous" offer, but it is Zokaites' clear right to accept or reject any settlement offer made in the course of litigation.[4] Any offers of settlement made in ongoing litigation should not, as a matter of policy, have any bearing on the underlying issues of liability in the litigation itself, and such use is specifically prohibited in the Federal Rules of Civil Procedure and Federal Rules of Evidence. Federal Rule of Civil Procedure 68, regarding Offers of Judgment, specifically provides that offers of judgment that are not accepted are inadmissible except in a proceeding to determine costs. The same grounds underlie both this restriction and the restriction in Federal Rule of Evidence 408 precluding the admission of such evidence: 1) the conclusion that the evidence is irrelevant, because a decision regarding settlement may be motivated by factors other than validity of the claim, and 2) the promotion of the public policy favoring compromise and settlement of disputes. Advisory Committee Notes to Fed. R. Evid. 408. In short, evidence of settlement offers and the rejection of those offers may not be admitted for the purpose of proving liability, and this Court does not consider that evidence to be relevant as to questions of liability in consideration of a Motion for

---

as to validity or amount, or to impeach through a prior inconsistent statement or contradiction.

[4] This right is, of course, subject to the limitation that if an offer of judgment is made, he declines it, and he subsequently receives a judgment at trial that is not more than the offer of judgment, Mr. Zokaites must pay the costs incurred after the making of the offer. Fed. R. Civ. P. 68. However, such an Offer of Judgment must be served more than ten days before trial, and so if Defendants have not yet done so, they may not now avail themselves of this Rule.

Summary Judgment.

Defendants argue, however, that the evidence of these offers is admissible under Rule 408 because it is not offered for purposes of showing liability, but rather to prove a failure to mitigate damages.  However, in essence, Defendants are asserting that they have no liability precisely because this offer has been made:  either Plaintiff may accept the offer to settle the entire case, including the rescission of the contract, or Plaintiff has waived his claim against the Defendants by refusing to do so.  Either way, Defendants argue, there is no liability.  The evidence of this offer, therefore, is intended to go to the heart of Plaintiff's claim against the Defendants, and cannot be seen as anything other than evidence of liability.

Even if the evidence of the offer was admissible, it still does not make the instant case comparable to the cases cited by Defendants.  Defendants argue in their Reply that "the fact that one of the parties in the instant case is the seller's agent, rather than the seller, has no import where the seller has given Plaintiff the option to rescind their contracts to purchase and for all deposits to be refunded."  (Reply, p. 7 [DE 92].)  But the seller/developer has not simply given Plaintiff the "option to rescind," as Defendants argue.  The developer and the Defendants have given Plaintiff a global settlement offer that includes the option to rescind the purchase agreements but that may also include any number of other terms that Plaintiff finds unacceptable.  Unlike the situation in Mirenda, Plaintiff cannot simply repudiate the purchase agreements prior to the closing, while they remain executory, because the party alleged to have made the misrepresentations, and who is named in this lawsuit, is not a party to those purchase agreements.   Defendants' offer to settle this action is simply that–an offer that Plaintiff

may accept or not, but which has no bearing on the underlying questions of liability for the alleged misrepresentations. Accordingly, Defendants' argument that Zokaites has waived his claims by declining to accept their settlement offer is unpersuasive.

### C. Failure to Mitigate Damages

Defendants finally argue that Plaintiff has failed to mitigate damages. This allegation may or may not be true, but it is certainly a disputed issue of material fact that must be tried and considered by a jury when determining what damages are appropriate. This argument is not a proper basis for a grant of summary judgment.

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment [DE 83] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 19th day of June, 2007.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record