

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-61244-CIV-COHN/SNOW

FRANK R. ZOKAITES,

    Plaintiff,

v.

BALISTRERI REALTY, INC.,
and LUC GAUTHIER,

    Defendants.
_____/

## ORDER DENYING MOTION FOR NEW TRIAL ON THE ISSUE OF DAMAGES

**THIS CAUSE** is before the Court upon Plaintiff Frank Zokaites' Motion for New Trial on the Issue of Damages [DE 121]. The Court has considered the Motion, Defendants' Response [DE 124], Plaintiff's Reply [DE 126], and the record, and is otherwise fully advised in the premises.

**I.    Background and Procedural History**

A jury trial was conducted in the above-referenced case from June 25, 2007 through June 28, 2007. During the trial, expert witnesses on behalf of each party provided testimony regarding the amount of damages. The expert witness for the Plaintiff, David Aucamp, testified that the damages totaled $565,000.00, while the expert witness for the Defense, Ronald Ames, testified that the damages totaled $80,000.00. During the jury's deliberations, the jury foreperson conveyed an inquiry to the Court regarding whether the verdict could be made contingent on some factor. The Court conferred with counsel for both parties, then advised the jury on the record that it could not make a contingent award of damages. The jury then returned a verdict in

favor of the Plaintiff, finding Defendants liable on the negligent misrepresentation claim and awarding Plaintiff $282,500.00 in damages.

Following receipt of the verdict, Plaintiff timely filed the instant Motion for New Trial, arguing that he is entitled to a new trial on the issue of damages because the jury's determination that he was entitled to $282,500.00 in damages was against the great weight of the evidence presented at trial.

## II.   Applicable Legal Standards

Pursuant to Fed. R. Civ. P. 59, the Court may grant a motion for a new trial when "'the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001) (*quoting* Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984)). Furthermore, the Eleventh Circuit has held that "where a combination of factors, which could have caused the jury to reach a possible erroneous verdict, led the court to conclude that a new trial was necessary," the court is afforded "wide discretion" in granting a new trial. Deas v. PACCAR, 775 F.2d 1498, 1505 (11th Cir. 1985). However, the Court is not entitled to simply substitute its own judgment for that of the jury. "In ruling on a motion for new trial, the trial judge is permitted to weigh the evidence, but to grant the motion he must find the verdict contrary to the great, not merely the greater, weight of the evidence." Watts v. Great Atlantic and Pacific Tea Co., 842 F.2d 307, 310 (11th Cir. 1988).

## III.   Analysis


favor of the Plaintiff, finding Defendants liable on the negligent misrepresentation claim and awarding Plaintiff $282,500.00 in damages.

Following receipt of the verdict, Plaintiff timely filed the instant Motion for New Trial, arguing that he is entitled to a new trial on the issue of damages because the jury's determination that he was entitled to $282,500.00 in damages was against the great weight of the evidence presented at trial.

## II.   Applicable Legal Standards

Pursuant to Fed. R. Civ. P. 59, the Court may grant a motion for a new trial when "'the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001) (*quoting* Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984)). Furthermore, the Eleventh Circuit has held that "where a combination of factors, which could have caused the jury to reach a possible erroneous verdict, led the court to conclude that a new trial was necessary," the court is afforded "wide discretion" in granting a new trial. Deas v. PACCAR, 775 F.2d 1498, 1505 (11th Cir. 1985). However, the Court is not entitled to simply substitute its own judgment for that of the jury. "In ruling on a motion for new trial, the trial judge is permitted to weigh the evidence, but to grant the motion he must find the verdict contrary to the great, not merely the greater, weight of the evidence." Watts v. Great Atlantic and Pacific Tea Co., 842 F.2d 307, 310 (11th Cir. 1988).

## III.   Analysis

Plaintiff argues in the instant Motion that the Court should grant a new trial on the issue of damages because the jury's award of $282,500.00 was against the great weight of evidence presented at trial. Plaintiff first argues that when the jury learned it could not make its verdict contingent on some factor, such as Plaintiff's closing on the condominium units or the view actually becoming obstructed from the units, the jurors responded by simply cutting the damages award in half, resulting in a verdict against the great weight of the evidence. Plaintiff further argues that the jury clearly rejected in its entirety the testimony of the Defendants' expert on damages, and thus, its failure to award the full measure of damages testified to by Plaintiff's expert resulted in a verdict against the great weight of the evidence. Plaintiff is incorrect on both points.

First, there is no indication in the record that the jury based its verdict on any considerations beyond the evidence presented at trial. When the question regarding a contingent award of damages was brought to the Court's attention, the jury was provided with the correct answer to its question, and one to which both parties agreed. There is simply no indication in the record that the jury made any improper considerations of contingencies in reaching its final verdict.

Furthermore, contrary to Plaintiff's arguments, the verdict reached by the jury was not against the great weight of the evidence presented at trial. Even assuming, as Plaintiff argues, that the jury made no finding that Plaintiff failed to mitigate damages, the jury's verdict is still supported by the evidence in the record. Defendants' expert testified that the damages resulting from the obstruction of the ocean view from Plaintiff's units totaled $80,000.00. Plaintiff's expert testified to a much higher number, opining that the damages totaled $565,000.00. The jury was presented with extensive

3

evidence regarding the qualifications of each expert, and the methodology that each used in reaching his opinion. Contrary to Plaintiff's argument, there is simply no evidence in the record to indicate that the jury rejected the opinion of Defendants' expert. In fact, the sum of damages awarded was closer to the Defense expert's opinion than to that of Plaintiff's own expert. The jury, as finder of fact, is entitled and obligated to consider the qualifications and credibility of the expert witnesses, and to weigh their competing testimony and make a determination as to the appropriate measure of damages. The jury in this case did just that, and reached a verdict that is not contrary to the great weight of the evidence presented at trial. Based on this record, the Court can find no reason to grant a new trial on the issue of damages.

## IV.   Conclusion

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for New Trial on the Issue of Damages [DE 121] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 30th day of July, 2007.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record